**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BASIL JACOB KYLES,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-CR-04025-SRB |

**ORDER**

Pending before the Court is the issue of defendant Basil Jacob Kyles's competency to stand trial. Pursuant to 18 U.S.C. §§ 4241 and 4242, the Court ordered a psychiatric evaluation and held a hearing on the matter. (Doc. 23). After consideration of the evaluation reports before the Court, and the absence of objection by the parties to the information contained therein, this Court recommends issuance of an Order that Mr. Kyles is competent to stand trial and able to assist in his own defense.

By way of Indictment brought on May 12, 2026, Mr. Kyles is charged with bank robbery; brandishing a firearm during and in relation to a crime of violence; and being a felon in possession of a firearm. (Doc. 1). On May 20, 2026, defense counsel submitted a motion to determine Mr. Kyle's competency based on Mr. Kyles repeatedly expressing that his behavior was the result of voices that were increasingly telling him to do things. (Doc. 22).

In accordance with the Court's order, a forensic evaluation report was completed by Jaime Jauregui, Ph.D., on August 25, 2026. The report was submitted to the Court on September 1, 2026. (Doc. 25). Dr. Jauregui examined Mr. Kyles at the Metropolitan Correctional Center in San Diego, California. (*Id.*). In her report, Dr. Jauregui concluded that "Mr. Kyles does not present with a severe mental disease or defect. Furthermore, there was indication gleaned through investigative

reports and statements made by the defendant at the time of the alleged offense that suggested he was able to appreciate the nature and quality, and the wrongfulness of his acts." (*Id.* at 11).

On October 1, 2026, this Court held an evidentiary hearing concerning Mr. Kyles. (Doc. 31). Mr. Kyles did not appear in person but was represented by counsel, Troy Stabenow. (*Id.*). Assistant United States Attorney Jim Lynn appeared for the Government. (*Id.*). During the hearing, both parties acknowledged receipt and review of the psychiatric evaluation reports authored by Dr. Jauregui (Tr. 2:9-24). The parties stipulated to Dr. Jauregui's qualifications and neither party had any objections to the findings therein. (Tr. 2:21-24). Neither party objected to the findings of those reports. (Tr. 2:13-14-2:16).

Based on the psychiatric evaluation reports submitted by Dr. Jauregui and there being no challenge to the findings in the reports, the Court submits this Report and Recommendation that defendant Basil Jacob Kyles is competent to stand trial. Specifically, this Court recommends a finding that Mr. Kyles is not presently suffering from a mental disease or defect that renders him incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. See 18 U.S.C. § 4241(a).

IT IS, THEREFORE, RECOMMENDED that the District Judge enter an order finding defendant Basil Jacob Kyles competent to stand trial.

Failure to file written objections to this Report and Recommendation within fourteen (14) days from the date of its filing will bar an aggrieved party from attacking such Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1)(B).

Dated this 23rd day of October, 2026, at Jefferson City, Missouri.

*Willie J. Epps, Jr.*

Willie J. Epps, Jr.
Chief United States Magistrate Judge